JUDGE FORREST

# 14 CV 5837

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

MARIBEL PENA,

                                Plaintiff,

                  -against-

Detective ROBERT REGNIER, Shield No. 2946;
and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                             Defendants.

------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

RECEIVED
JUL 29 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## **NATURE OF THE ACTION**

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## **JURISDICTION AND VENUE**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6.      Plaintiff Maribel Pena ("plaintiff" or "Ms. Pena") is a resident of Bronx County in the City and State of New York.

7.      Defendant Detective Robert Regnier, Shield No. 2946 ("Regnier"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Regnier is sued in his individual and official capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.      At all times relevant herein, all individual defendants were acting under color of state law.

-2-

## STATEMENT OF FACTS

11.     At approximately 6:30 p.m. on October 31, 2013, Ms. Pena went to the apartment of her sister-in-law at 1871 Schieffelin Place, in Bronx, New York.

12.     When Ms. Pena knocked on the front door to the apartment defendant police officers opened the door and ordered plaintiff to come inside and sit down.

13.     Without probable cause or reasonable suspicion to believe Ms. Pena had committed any crime or offense, defendants handcuffed and arrested plaintiff.

14.     Defendants unlawfully searched plaintiff; no contraband was recovered from the unlawful search.

15.     Plaintiff was taken to the 47th Precinct.

16.     After being held inside of a holding cell, Ms. Pena was taken to a room where detectives interrogated her.

17.     When Ms. Pena said she had no information and wanted a lawyer, defendants turned off the lights inside the interrogation room and began to beat her mercilessly.

18.     While handcuffed, defendants pulled plaintiff from her chair and threw her to the ground causing her front teeth and mouth area to slam into the ground.

19.     Defendants punched and kicked plaintiff as she lay on the ground.

20.     While handcuffed, defendants dragged plaintiff from the interrogation room and put her back into a cell.

-3-

21.     Ms. Pena pleaded for medical attention but defendants refused to obtain treatment.

22.     Eventually EMS was contacted and permitted to attend to Ms. Pena and she was taken to Montefiore Medical Center, where she was treated for her injuries including pain to her back, jaw, mouth and a loose front tooth.

23.     Ms. Pena was taken back to the 47th Precinct where defendants falsely informed employees of the Bronx County District Attorney's Office that she had committed various crimes including assault in the second degree, a felony, and prepared false paperwork.

24.     Defendants did not observe plaintiff commit any crime or offense.

25.     Ms. Pena was eventually taken to Bronx Central Booking.

26.     On or about November 2, 2013, plaintiff was arraigned in Bronx County Criminal Court, where she was released on her own recognizance after approximately thirty hours in custody.

27.     Following her release, and in significant pain, particularly to her back, mouth and jaw, Ms. Pena returned to Montefiore Medical Center for treatment.

28.     To date, Ms. Pena continues to require treatment for her injuries, including to her mouth and jaw, including undergoing a root canal.

29.     Ms. Pena was compelled to return to criminal court before all of the charges were dismissed on or about April 4, 2014.

30.    Ms. Pena suffered damage as a result of defendants' actions.   Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

31.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

34.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

37.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

39.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

40.    As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### Unreasonable Force

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

43.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

44.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.     The individual defendants created false evidence against plaintiff.

46.     The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

47.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

48.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Deliberate Indifference to Medical Needs

49.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.     The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

51.     Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

52.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure To Intervene

53.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

-8-

55.   Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

56.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:      July 29, 2014
            New York, New York

                              HARVIS WRIGHT & FETT LLP

                              Baree N. Fett
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              bfett@hwandf.com

                              *Attorneys for plaintiff*

-10-